IN RE ASSIGNMENT OF AMELIA V. WILLETT.

NOVEMBER 14, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CONDON, J. This is an appeal from a decree of the superior court awarding the assets in an assignment for the benefit of creditors under general laws 1938, chapter 595, to Produce Restaurant, Inc. in exchange for releases of the claims of all creditors filed against the assignor and for the payment by said corporation of the fees and expenses incurred under the assignment. From this decree Joseph Cianciolo,

who was the highest bidder for such assets at a private sale on sealed bids under an order of the superior court upon the petition of the assignee, has appealed. He will be hereinafter referred to as the appellant, and the corporation will be deemed to be the appellee.

The appellant contends that the decree appealed from is against the law and the evidence and that it violates his contractual rights as guaranteed to him under the constitution of this state and the constitution of the United States. The appellee contends on the other hand that the appellant, having been no more than a mere bidder for the assignor's assets at any stage of the proceedings in the superior court, is not an aggrieved party and therefore has no right of appeal. It further contends that since it was within the discretion of the superior court, subject only to review for abuse of such discretion, to reject appellant's bid even though it was the highest bid, he acquired no contractual right by reason of his bid being the highest and by reason of the recommendation of the assignee that it be accepted.

Appellant and appellee have argued their respective contentions before us and have cited in their briefs numerous cases, mostly from foreign jurisdictions, in support of such contentions. However, in the view which we take of these proceedings, it will be neither useful nor necessary to discuss or refer to any of those cases, although we have read them and have not found one that presents a factual situation comparable to the one disclosed by the record before us.

A brief statement of the travel of the proceedings in the superior court will, we think, be helpful to an understanding of the conclusion to which we have come after a careful examination of the transcript and the papers in the case.

On September 6, 1940 the assignee filed in the superior court a petition for leave to sell the assets at private sale and on the same day that court entered an order of notice to creditors that such petition had been set down for hearing on September 23, 1940. On that day the creditors were represented by counsel, who stated at the hearing that the

creditors had caused to be incorporated the Produce Restaurant, Inc. for the purpose of taking over the assets of the assignor and continuing the business of the assignor but that after obtaining the corporation charter nothing more had been done because the corporation had been unable to obtain a lease of the premises in which the assignor had conducted her restaurant business. Thereupon the trial justice suggested that the petition be continued to enable the corporation to negotiate further in the hope that a lease could be obtained. The petition was accordingly continued in open court to October 2, 1940.

On that date the parties were again heard. At that hearing, it appearing that the corporation had not been successful in obtaining a lease, counsel for the creditors agreed that a private sale was desirable and suggested that the assignee be given ten days within which to receive bids. Accordingly, the court ordered that a private sale be had on sealed bids, that notice thereof by mail and publication be given, and that the petition be further continued to October 14, 1940.

The assignee, pursuant to such order, received the following bids: $2000, Joseph Cianciolo; $1750, George A. Midwood; and another for $1500. Each bid was accompanied by a certified check for $500 as required by the court's order. George A. Midwood was one of the chief creditors of the assignor. Produce Restaurant, Inc. did not bid, and made no offer for the assets or any recommendation at the hearing on October 14, 1940. On that date the bids were reported to the court. Counsel for creditors and counsel for the assignee were present and the court asked what was their recommendation on the bids offered. Counsel for the assignee recommended that the highest bid be accepted, whereupon the court asked counsel for the creditors if that was agreeable to him. In reply he admitted the bidding was fair and expressed the wish that "we had been bid more" but he did not object to the acceptance of the highest bid. The hearing was then concluded by the court stating: "Pre-

pare a decree awarding the contract or bid to the highest bidder."

On the following day, October 15, 1940, on hearing on entry of the decree awarding the sale to the highest bidder, one of the creditors was permitted to state that there was a renewed prospect of the Produce Restaurant, Inc. being able to take over the assignor's assets and thereupon made an oral motion that the bids be rejected. Whereupon the court stated for the record the several efforts that had been previously made to enable the corporation to take over the assignor's business without success but now a new prospect presented itself and that he was "desirous of seeing the greatest benefit come to the creditors". However, he did not reject appellant's bid, as the objecting creditor had moved, but made the following statement: "The court will not enter the decree at this time. The court will leave the matter with counsel to see what arrangements can be made, if any, with the prospective purchaser, along the lines suggested by General Hamilton. If he is willing to release any rights which he has under the bid, that is one thing. The check can be returned if there is a concrete proposition coming from the creditors. Counsel can agree to see what the best terms the prospective purchaser will give them. The court is not stating what, if any, rights he has received under this bid of his. The court will continue the matter for one week." The appellant, Cianciolo, was not present or represented by counsel at this hearing.

At the next hearing on October 21, 1940, appellant was represented by counsel who objected to further delay and urged that the matter "be wound up". The court agreed that this should be done but suggested that the matter be continued another forty-eight hours in the hope that an adjustment could be made. Although counsel for appellant did not feel any adjustment could be made, he did not object to such continuance. The court then stated: "Wednesday morning at 10 o'clock the matter will be wound up one way or another. Either a decree will be entered award-

ing the sale, or if the new arrangement is made satisfactory to all, we will accept that one." The transcript ends with this hearing. We have no record of any hearing to which it was continued. The next jacket-entry is on November 7, 1940 and is as follows: "Sullivan, J. Further heard and decree entered authorizing sale of assets at private sale." On that date the court entered a decree awarding the sale to the Produce Restaurant, Inc. in exchange for releases by all creditors of their claims against the assignor and payment by the corporation of the expenses of the assignment proceedings.

On this record we are of the opinion that such a decree was not in accordance with the decision of the trial justice as made, and that the trial justice therefore erred in entering the decree appealed from.

No question was raised at any time that the proceedings leading up to the court's instruction to the assignee on October 14 were not taken in substantial compliance with the terms of the statute relating to private sales by an assignee for the benefit of creditors. The appellee, however, has argued that such instruction by the trial justice to the assignee to "prepare a decree awarding the contract or bid to the highest bidder" was not an order or decision of the court that was appealable by Cianciolo.

Regardless of whether that contention may be correct, it nevertheless appears clearly in the record before us that the trial justice did render a decision in any event on October 21, 1940 when he said: "Either a decree will be entered awarding the sale, or if the new arrangement is made satisfactory to all, we will accept that one."

This decision was in the alternative. The appellant's bid was admittedly the highest and had never been rejected, and there was no evidence of fraud or unfairness in the bidding or that such bid was disproportionate to the fair price of the assets sold. According to that decision and the transcript of evidence any "new arrangement" to become effective must be "satisfactory to *all*", which included Cianciolo.

(italics ours)  But no new arrangement thus contemplated was ever entered into which was satisfactory to all.  It is not disputed that Cianciolo never agreed to any such new arrangement.  Therefore, it was incumbent upon the trial justice, in the circumstances disclosed in the record before us, to enter a decree in accordance with the first part of his alternative decision as above quoted.  In failing to enter such a decree and in entering another one which was not in accordance with his decision as made, the trial justice was in error.

On this view, there can be no question of the appellant being an aggrieved party with the right to appeal.  Likewise it is clear that the question whether or not the trial justice properly exercised his discretion to reject all bids does not arise.  As a matter of fact his decision shows that he did not reject appellant's bid but rather that he accepted it, subject only to the making of a new arrangement which would be satisfactory to all.  Such an arrangement was never made as appellant would not give his consent.  Therefore, appellant was entitled, in accordance with the decision of the trial justice, to have a decree entered thereon awarding the sale to him as the highest bidder.

The appellant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter the decree awarding the sale to the highest bidder, Cianciolo, in accordance with the decision of the trial justice.

*Edwin B. Tetlow, Edwin J. Tetlow,* for Produce Restaurant, Inc.;

*Aram A. Arabian,* for Joseph Cianciolo, appellant.